Labauve, J.
The substance of the petition is : Petitioner is a proprietor in the town of Mandeville, in said parish, and holding valuable real estate in said town; that by the act, 6, incorporating said town, passed 24th March, 1840, land or taxable property situated in said town are exempt from parish taxes. That George Carradine, sheriff of said parish, demands of petitioner the payment of the parish taxes for the; years 1862, 1863, 1864 and 1865, as will fully appear by the notice of said sheriff, annexed to the petition; that plaintiff has erroneously paid the taxes of 1862; that Carradine threatens to seize and sell the property of petitioner to pay said illegal taxes.
Petitioner prays that said George Carradine, sheriff, may be cited an'd enjoined from collecting from petitioner, any parish tax for said parish of St. Tammany.
The District Judge, after hearing the evidence, perpetuated his injunction as regards the parish tax of 1862, and dissolved it as to the balance. The plaintiff appealed.
This case involves a question of law: has the police jury of the parish of St. Tammany the right and power to impose parish taxes on property situated in the limits of the town of Mandeville, in that parish?
The 6th section of the act of incorporation of said town, reads as follows:
“Beit further enacted, etc., That all the powers devolved until this *100 day upon the police jury of the parish of, St. Tammany, so far only as the incorporated limits of said town, be, and they are hereby transferred 1.o the town council of said town, except the imposing and collecting of the State taxes.” Here this maxim, “expressio vnins esi exclusio aJ/erivs,” must apply.
This action is clear, and leaves no room for interpretation. Civil Code Article 13. The Legislature had certainly the constitutional power to enact that clause in the charter of incorporation of this town, and no reason has been assigned why we should not give it full effect.
It is therefore ordered and decreed that the judgment appealed from be annulled and avoided, and that the injunction be perpetuated, and that the defendant, Oarradine, sheriff, pay cost in both Courts.